**KEANE & BEANE** P.C.
ATTORNEYS AT LAW

■ **Westchester**
445 Hamilton Avenue
Suite 1500
White Plains, NY 10601
Phone 914.946.4777

■ **Long Island**
534 Broadhollow Road
Suite 460
Melville, NY 11747
Phone 631.776.5910

■ **Mid-Hudson**
200 Westage Business Center
Suite 120
Fishkill, NY 12524
Phone 845.896.0120

■ **New York City**
60 East 42nd Street
Suite 810
New York, NY 10165
Phone 646.794.5747

June 18, 2025

**VIA ECF**

RICHARD K. ZUCKERMAN
Principal Member
rzuckerman@kblaw.com
Direct: 631.776.5912

Hon. Nelson S. Román, U.S.D.J.
Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/2025

Re:   *Bunten, et al. v. City of Newburgh, et al.*
       21 Civ. 4588 (NSR)

Dear Judge Román:

On behalf of Defendants, we write to update the Court as to the status of this action and request a pre-motion conference.

This is an employment discrimination case in which six City of Newburgh employees each asserted a single claim alleging a violation of their Equal Protection rights pursuant to 42 U.S.C. § 1983. By Opinion & Order dated April 16, 2024, this Court granted Defendants' motion for summary judgment regarding all of these claims except with respect to the claim asserted by Plaintiff Maritza Wilson. *See Bunten v. Donat*, 2024 WL 1640054 (S.D.N.Y. Apr. 16, 2024).

Defendant Joseph Donat, the former City Manager of Newburgh, pursued an interlocutory appeal from the Opinion & Order, arguing that he was entitled to qualified immunity. By Summary Order dated May 19, 2025, the Second Circuit reversed and remanded, holding that Wilson had failed to establish a *prima facie* case of gender discrimination and, therefore, "there was no constitutional violation by Donat." *Brown v. Donat*, No. 24-1344-CV, 2025 WL 1430572, at *4 (2d Cir. May 19, 2025).

On appeal, Donat argued that the Second Circuit should exercise pendent jurisdiction and dismiss Wilson's claim against the City. As a matter of law, Wilson's failure to establish a *prima facie* case of gender discrimination against Donat necessarily forecloses her claim against the City. The Second Circuit, however, declined to exercise pendent jurisdiction, finding that Wilson's claim against Donat and the City were not "inextricably intertwined" for jurisdictional purposes. *Brown*, 2025 WL 1430572, at *4, n. 4. On June 9, 2025, the Clerk of this Court docketed the Mandate issued by the Second Circuit. (ECF Doc. No. 75).

MEMO ENDORSED



Hon. Nelson S. Román, U.S.D.J.
June 18, 2025
Page 2

We have asked Wilson's counsel whether his client will stipulate to the voluntary discontinuance of her claim against the City based upon the Second Circuit's holding. He responded in the negative. The City, therefore, requests a pre-motion conference, as it intends to move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

The City's motion will rest on hornbook law and the Second Circuit's holding on Donat's interlocutory appeal. To establish municipal liability pursuant to *Monell*, there must be, *inter alia*, an underlying constitutional violation. *See Rosado v. Village of Goshen*, No. 17-CV-00360 (NSR), 2019 WL 1382975, at *10 (S.D.N.Y. Mar. 27, 2019). The Second Circuit has now ruled that Wilson cannot establish a constitutional violation. Therefore, as a matter of law, Wilson cannot plead a viable *Monell* claim against the City.

Thank you for your consideration of this matter.

Respectfully submitted,

   */s/ Richard K. Zuckerman*

Richard K. Zuckerman

cc:    Michael H. Sussman, Esq.
       (via ECF)

**Plaintiff is directed to respond to this letter on or before June 27, 2025. In light of the filing of a mandate of the U.S.C.A. Summary Order (ECF No. 75) concluding the interlocutory appeal, the Clerk of Court is directed to lift the stay.**

**Dated: June 24, 2025
       White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge